GEORGETOWN LAW
APPELLATE COURTS IMMERSION CLINIC

Director
Brian Wolfman
Staff Attorneys
Natasha Khan
Becca Steinberg

600 New Jersey Avenue, NW, Suite 312
Washington, DC 20001-2075
Telephone: 202-661-6746
Fax: 202-662-9634

January 19, 2026

Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: **No. 25-1291, *Miles v. Bowers***
**Rule 28(j) letter**

Dear Ms. Dubrovsky:

This letter responds to the Rule 28(j) letter filed by the Government on January 16, 2026, which discusses *White v. Warden*, __ F.4th __, 2026 WL 89397 (4th Cir. Jan. 13, 2026). There, petitioner William White spent three days housed in a federal transfer center, during which he did not participate in programming. *Id.* at *1. The Fourth Circuit affirmed the denial of White's habeas petition reasoning that (1) White has been given the opportunity to participate in programming; (2) BOP cannot feasibly ensure that all prisoners can participate in programming *every day*; (3) White did not participate in programming during the three days so was not entitled to credits for that time. *Id.* at *4-5.

*White* presents a very different case from the one here. To start, *White* involved a temporary interruption of BOP programming that it was otherwise providing. *See* 2026 WL 89397, at *4. This case presents a separate question: whether BOP can refuse to start provide programming at all for a fifteen-month period. Next, White involved an interruption of just three days, well below the thirty-day denominator for earning credits laid out in the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(A). Finally, unlike White, who "d[id] not participate in programming" during the relevant time period, 2026 WL

89397, at *5, Miles alleged that he worked as an orderly, which is qualifying programming under the First Step Act, JA 6; *see* 18 U.S.C. § 3635(3)(C)(xi).

*White* is not only distinguishable, but incorrect as well. As Judge King's dissent explains, the decision authorizes BOP to (1) shirk its statutory duty to provide prisoners with programming, (2) draw arbitrary distinctions between prisoners, and (3) flout its own established practices. *White*, 2026 WL 89397, at *13 (King, J., dissenting). And the *White* majority's statement that a risk-and-needs assessment must predate a prisoner's accrual of time credits, *id*. at *6, is also incorrect, as our briefs explain. Opening Br. 20-27; Reply Br. 7-14. If BOP's reasoning prevails, it could refuse to *ever* provide programming, despite its statutory obligations, and a prisoner would be left with no remedy.

Sincerely,

Becca Steinberg

Becca Steinberg
(202) 662-9549

Counsel for appellant

Word count: 347 words